IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:17-CR-3032 |
| vs. | AMENDED TENTATIVE FINDINGS |
| D'NE ROSE BRODIGAN, | |
| Defendant. | |

The Court has received the presentence investigation report in this case. The defendant objects to the presentence report, and moves for a downward departure and variance. Filing 59; filing 60.

IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

(b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

(c) impose upon the United States the burden of proof on all Guidelines enhancements;

(d) impose upon the defendant the burden of proof on all Guidelines mitigators;

(e) depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

(f) in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

The defendant has moved for a downward departure or variance. She argues that her history of abuse, anxiety, and depression warrants a downward departure under U.S.S.G. § 5H1.3. Filing 62 at 3. And she contends that those circumstances, in addition to her remorse for the crime, warrant a downward variance pursuant to 18 U.S.C. § 3553(a). Filing 62 at 4. The defendant also moves for a downward departure under § 4A1.3(b), which applies when the defendant's criminal history category, while properly assessed, "substantially over-represents the seriousness

of the defendant's criminal history or the likelihood that the defendant will commit other crimes."

The defendant argues that the presentence report's 1-point assessment to her criminal history score for a 2008 procuring offense over-emphasizes the severity of her criminal record, and thus should not be considered. After all, the defendant argues, the offense was committed "less than two months after her 18th birthday" and "almost nine years before the offense in this case[.]" Filing 62 at 1.

The defendant bears the burden to prove the appropriateness of a downward departure. *See United States v. Cantu*, 12 F.3d 1506, 1511 (9th Cir. 1993). The Court will resolve these issues at sentencing.

2. The defendant has also moved for a departure under § 4A1.3(b) on the grounds that her total criminal history score was incorrectly calculated. Filing 62 at 2. She argues that her prior sentences for aiding and abetting and possession of a controlled substance should have been considered together, as opposed to separately, under § 4A1.2(a)(2). Accordingly, she argues, her total criminal history score should be 13, as opposed to 15, as currently reflected in the report. Filing 62 at 2.

But the Court understands that motion as an objection to the presentence investigation report, and not—as it is currently styled—a request for downward departure. Indeed, the defendant does not suggest that her two prior sentences over-represent the

seriousness of her prior criminal history. Rather, she argues that the sentences were incorrectly calculated in arriving at a total criminal history score. The Court will therefore construe the defendant's motion as an objection.

Under § 4A1.2(a)(2), prior sentences are always counted separately for the purpose of criminal history calculations if they were imposed for offenses that were separated by an intervening arrest. Prior sentences are treated as a "single sentence," however, if there was no intervening arrest and either (1) the sentences resulted from offenses contained in the same charging instrument, or (2) the sentences were imposed on the same day. § 4A1.2(a)(2).

Here, the defendant argues that her prior sentences for aiding and abetting and possession of a controlled substance should be treated as a "single sentence" because (1) there was no intervening arrest, and (2) she was sentenced for both offenses on the same day. Filing 62 at 2. But according to the presentence report, an intervening arrest did occur, and § 4A1.2 therefore does not apply. So, the issue turns on whether, in fact, there was an intervening arrest.

If the defendant objects to any of the factual allegations on an issue on which the government has the burden of proof, the government must present evidence at the sentencing hearing to prove the existence of the disputed facts. *United States v. Poor Bear*, 359 F.3d 1038, 1041 (8th Cir. 2004). The Court will resolve this issue at sentencing.

3. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 8th day of December, 2017.

BY THE COURT:

_____
John M. Gerrard
United States District Judge